# Supreme Court of the Navajo Nation

**Tommy C. Begay, Appellant,**
**v.**
**Navajo Election Administration and**
**Navajo Board of Election Supervisors, Appellees.**
**Decided June 8, 1995**

## OPINION

Before YAZZIE, Chief Justice, CADMAN, Associate Justice, and SLOAN, Associate Justice (by designation).

Elwood Austin, Esq., Shiprock, Navajo Nation (New Mexico), for the Appellant; and Claudeen Bates Arthur, Esq., Chief Legislative Counsel, and Ron Haven, Esq., Navajo Nation Board of Election Supervisors, Window Rock, Navajo Nation (Arizona), for the Appellees.

Opinion delivered by YAZZIE, Chief Justice.

The appeal in this case was withdrawn by the appellant. It appears to be without merit, so we take this occasion to set the rule on frivolous appeals.

Of all appeals filed with the Navajo Nation Supreme Court, only one quarter reach a decision on the merits. Most appeals are dismissed for failure of counsel to file the appeal within the time required by the statute or for failure to perfect the appeal. We see occasions when it appears that an appeal is filed to delay execution of a judgment or for frivolous reasons. We see appeals that lack probable cause because Navajo Nation law is clear on the points raised in the appeal and counsel could have determined that fact upon a simple review of the law. There are two issues: First, the nature of the Court's power in dealing with frivolous appeals; and, Second, when the Court will take action.

### I

Courts have inherent powers to govern their operations. "The powers inherent in court governance are the powers that courts call upon to be able to function institutionally. That is to say, courts use them to regulate and conduct their internal affairs and to prescribe rules and conditions for the oversight of those persons who are or become actors in the activities related to the judicial process. They come into being from the necessity of courts to govern themselves." F. Stumpf,

*Inherent Powers of the Courts* 15 (1994). Among the inherent powers of courts to govern their operations is the power to impose sanctions for misconduct by attorneys and parties or for abusive litigation practices. *Id.* 24-27. Courts have the power to assess attorney's fees against attorneys who do not comply with discovery orders. *Roadway Express Inc. v. Piper*, 447 U.S. 752, 765 (1980). In *Chambers v. NASCO, Inc.*, the U.S. Supreme Court held that it has the inherent power to "police itself" and that a court may impose attorney's fees and expenses on a party who engages in bad faith conduct. 501 U.S. 32, 111 S. Ct. 2123 (1991). The Court ruled that "... the inherent power extends to a full range of litigation abuses." *Id.*, 111 S. Ct. at 2134. Similarly, state courts use their inherent powers to punish litigation abuses. *See, e.g., Winters v. City of Oklahoma City*, 740 P.2d 724 (Okla. 1987); *Barnard v. Wasserman*, 855 P.2d 243 (Utah 1993); and *Bi-Rite Package, Inc. v. Ninth Judicial District Court*, 735 P.2d 709 (Wyo. 1987).

There are important public policy reasons to announce the rule that this Court will impose sanctions for litigation abuses on appeal. Courts must regulate their own conduct and the conduct of parties who appear before them. The Navajo Nation Supreme Court regulates the practice of law in the Navajo Nation and must oversee the Bar. That includes immediate and direct oversight in the appeals process. We note that some members of the Navajo Nation Bar have sloppy practice habits and do not prepare their cases well. They are the minority, given the high standards of most counsel, but sloppy practice should not be tolerated. In addition, the cost of providing the public service of judicial remedies is expensive to the Navajo Nation. If this Court expends time in processing an appeal and the appeal is not decided on the merits without good cause, the Navajo Nation must be repaid for the expense. If an appeal is without merit, the Navajo Nation must be reimbursed for the cost of time wasted. Innocent parties should be reimbursed for their reasonable costs and attorney's fees.

This Court may compute the time justices put into the study of the appeal, staff time and expenses to determine the actual cost to the Navajo Nation and require a party, counsel or both to pay that expense. The Court may also determine the reasonable costs of innocent parties on appeal. The Court will provide the right of notice and an opportunity for hearing before assessing penalties. *Kutch v. Del Mar College*, 831 S.W. 2d 506 (Tex. App. 1992).

## II

When is there party or attorney misconduct which will justify an assessment? There are many grounds for action, but today we address the frivolous appeal. An appeal is "frivolous" when it is not filed within the time permitted for an appeal; when the appeal is not perfected by the filing of the record or briefs; or when an appeal clearly lacks probable cause. An appeal lacks "probable cause" when simple legal research discloses that points of law for the appeal are settled under our law or when a party does not have the right to take the appeal. In this

particular case, it was clear that a voter does not have standing to complain of a lack of a candidate's qualifications. *Fulton v. Redhouse*, 6 Nav. R. 333 (1991). An appeal is "frivolous" when there is a lack of probable cause to bring it or it appears that the appeal was filed to delay the execution of judgment. It may also be frivolous by reason of attorney misconduct.

There is no right to an appeal, and to the extent appeals are allowed, they are subject to statutory restrictions and court procedures. *See, Nez v. Bradley*, 3 Nav. R. 125, 129 (1982). "Probable cause" for an appeal means the situation where there is "a debatable question or an honest difference of opinion" and when the briefs and record show "grounds for error ... that are open to doubt or an honest difference of opinion, and over which rational, reasonable, and honest discussion may be had." *Battese v. Battese*, 3 Nav. R. 110-111 (1982). The standards for appeals to this Court are clear, and perhaps the greatest body of decisional law in the Navajo Nation is the subject of "appeal and error."

## III

The Court therefore announces the following rule, which shall be applied prospectively to appeals decided in the future: Where the Court finds that an appeal is brought in bad faith, frivolous or lacks probable cause, or where there is attorney misconduct, the Court may assess attorney's fees, costs or other charges against a party, counsel or both. The assessment will be designed to reimburse the Navajo Nation and innocent parties for the time and expense caused by the appeal, and it may include monetary sanctions to punish for misconduct. The procedure will be an order to show cause why an assessment should not be imposed, with an opportunity for the party and counsel to respond. Assessments will be enforced using the Court's inherent contempt powers.

The Court will not penalize parties or counsel for legitimate challenges to a trial court or agency decision, but it will take action where it finds bad faith, a breach of the duty of honesty to the Court, sloppy practice or a lack of probable cause for an appeal.

The appeal is hereby DISMISSED.